# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6978 | **DATE** | October 14, 2011 |
| **CASE TITLE** | Vines vs. Illinois Municipal League et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion *in limine* No. 1 (Doc [67]) is granted. Defendants' motion (Doc [68]) *in limine* No. 2 is denied. Defendants' motion *in limine* No. 3 (Doc [69]) is granted. Defendants' motion *in limine* No. 4 (Doc [70]) is granted. Defendants' motion *in limine* No. 8 (Doc [74]) is denied.

■[ For further details see text below.]

Docketing to mail notices.

# ORDER

1. **Defendants' Motion No. 1 - To Bar Hearsay Evidence and Testimony of Third Parties - Granted**

   The proffered evidence's apparent probative value is to buttress the Plaintiff's version of certain conversations he had with representatives of the defendants; there is apparently no evidence to show that the witnesses had personal knowledge of the conversations described. In his answer to the defendants' motion, Plaintiff claims that the evidence is admissible under F.R.E. 801(d)(1)(B) as a prior consistent statement by the third party witnesses to rebut an express or implied charged of recent fabrication or improper motive on Plaintiff's part. The rule relied on requires that the recent fabrication or improper influence of motive sought to be rebutted is that of the declarant and not another witness. No recent motive to fabricate is suggested on the part of the described putative witnesses which would allow a prior consistent statement (made before the existence of the motive to fabricate is established) to be received by way of rebuttal.

   Alternatively, the Plaintiff claims that virtually all of the conversations sought to be excluded are admissible as excited utterances and qualify as hearsay exceptions under F.R.E. 803(3). Claimed to be excited utterances were Plaintiff's responses to an unexpected job offer, the later withdrawal of the offer, the withdrawal of the withdrawal of the offer and, finally, a second withdrawal of the job offer. The rule relied on requires the occurrence of a startling event or condition and statements made under the stress of excitement caused by the event or condition. Neither the unexpected and pleasing offer of a job nor the later unexpected and disappointing withdrawal of the job offer can, in a fair sense of the rule, be said to be startling events sufficient to trigger hearsay admissibility under the rule. As a result, the Plaintiff's secondary basis for admissibility does not apply under these circumstances.

**ORDER**

This ruling does not apply to the testimony of witnesses with respect to how upset the Plaintiff seemed at certain times. Observations of a person's demeanor do not implicate the hearsay rule since they do not involve out-of-court statements allegedly made by a declarant that the witnesses did not speak to.

2. **Defendants' Motion No 2 - To Bar Evidence and Testimony Regarding Judy Vines' Medical Condition - Denied.**

   Evidence of a spouse's medical condition has relevance to prove any of the Plaintiff's distress caused by the alleged withdrawal of a job offer. Needless to say, precautions are necessary for this evidence and the Plaintiff's proposed order appears satisfactory and is adopted subject to the Defendants' consideration and position.

3. **Defendants' Motion No. 3 - To Bar Hearsay Evidence and Testimony Regarding Reactions to the Alleged Revocation of the Employment Offer - Granted**

   The ruling as to Defendants' motions 1 and 2 controls the result as to their motion number 3. Accordingly, the motion is granted.

4. **Defendant's Motion No. 4 - To Bar Evidence that Plaintiff is Entitled to Front Pay Damages - Granted**

   The Defendants' motion is granted on relevance and Rule 403 grounds.

5. **Defendants' Motion No. 8 - Denied**

   The relief requested in this motion is unclear; if it is intended to seek bifurcation of damages at the trial, it is denied. Any further clarification by Defendants can be offered at trial.

Date: October 14, 2011

*Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Judge**